### C.M.C. CHEMICALS, INC.
### v.
### UNITED STATES.
### Reap. Dec. 10085.

United States Customs Court,
Reappraisements.
Oct. 11, 1961.

Eugene R. Pickrell, New York City, (George E. Long, Washington, D. C., of counsel), for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen. (Daniel I. Auster, New York City, Trial Atty.), for defendant.

DONLON, Judge.

Sixty-one appeals to reappraisement have been consolidated. They are submitted on a stipulation of facts and the official papers. The merchandise, described as chlorinated rubber powder, was invoiced as Alloprene. It is a product of Great Britain. It was entered for consumption at the port of New York

on various dates, all of which were subsequent to February 28, 1958.

The appraiser found that Alloprene is the article "Powder, rubber, chlorinated," which is included in the final list that was published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, effective February 28, 1958. (70 Stat. 943, T.D. 54165, 19 U.S.C.A. § 1402 note.)

Both parties concede the fact that this merchandise is "Powder, rubber, chlorinated," as the appraiser found, and that it is the article which is thus enumerated in the final list. As an article enumerated therein, the appraiser valued the merchandise on the basis of its foreign value.

By the Customs Simplification Act of 1956, Congress intended to simplify the appraisement of dutiable merchandise by eliminating foreign value as a basis of valuation, *except* as to those articles which the Secretary of the Treasury was directed by Congress to determine "would have been appraised in accordance with section 402 of the Tariff Act of 1930, as amended by this Act [i.e., the Customs Simplification Act of 1956], at average values for each article which are 95 (or less) per centum of the average values at which such article was actually appraised during the fiscal year 1954." The procedure for the Secretary's determination, the preliminary and final lists showing his preliminary and final determinations, the effective date of the provision for valuation of articles on the final list, and the effective date for elimination of foreign value as a basis of appraisement of articles not so listed, all were provided for by Congress in the Customs Simplification Act of 1956. Plaintiff does not argue that the actions taken failed, in any way, to conform to that act.

The congressional intent seems clear. Except where the change of basis to export values would reduce dutiable value by 5 per centum or more, foreign value was thereafter to be eliminated as a basis of appraisement. "Thereafter" was to be the effective date of the final list.

The Secretary of the Treasury was authorized to determine which articles were to be included in the lists. Congress established the standards by which his determination was to be made.

It is plaintiff's contention that although the Secretary of the Treasury, in the procedure he followed in preparing and adopting the final list, complied with the Customs Simplification Act, he failed to comply with the provisions of the Administrative Procedure Act of 1946 (5 U.S.C.A. § 1001); that, as a consequence of such failure, the final list, as it was published, is invalid; and that this merchandise, although it is enumerated on a purported final list, is, nevertheless, properly to be appraised on the basis of export value because the final list is invalid.

Defendant denies that the final list is invalid; but agrees that the value for which plaintiff contends is the export value, if that should be held to be the proper basis of valuation.

The issue before the court is narrowed to this: Is the final list valid? The argument against validity, as advanced by plaintiff, seems to be that the Secretary of the Treasury, in promulgating the final list, was required to comply with the provisions of the Administrative Procedure Act and that he did not do so. Defendant argues that the Secretary was not required to comply with the Administrative Procedure Act, but in fact he did comply with its provisions.

The stipulation on which these appeals were submitted is in writing, signed by counsel for both parties, as follows:

"1. It Is Hereby Stipulated and Agreed, by and between counsel for the plaintiff and the Assistant Attorney General for the United States, that the merchandise involved in the above appeal for reappraisement is chlorinated rubber powder invoiced as 'Alloprene' in various grades such as AX, B, BX, CX, E, EX and Low X exported from England at various dates after February 28, 1958, which was appraised on the basis of foreign value, as defined in Section 402a(c) of the Tariff Act of 1930, as amended by the Customs

Simplification Act of 1956, Public Law 927, 84th Cong., 70 Stat. 948 [943], [19 U.S.C.A. § 1402].

"2. It Is Further Stipulated and Agreed that this merchandise is included in the final list referred to in Section 6(a) of said act and published in the Federal Register on January 28, 1958 (23 F.R. 539) by the Acting Secretary of the Treasury pursuant to Section 6(a), of said act under the designation: 'Powder, rubber, chlorinated'.

"3. It Is Further Stipulated and Agreed that the following notices relating to the preparation of the preliminary and final lists referred to in Section 6(a) of said act were published in the Federal Register:

"(A) A notice inviting comments relating to publication of the Preliminary list. (Friday, Nov. 9, 1956, 21 F.R. 8669)

"(B) A notice extending the time for comments relating to publication of the preliminary list. (Saturday, Jan. 5 '57, 22 F.R. 152)

"(C) A notice of procedure to be followed by domestic interests after publication of the preliminary list. (Tuesday, Aug. 20, '57, 22 F.R. 6663)

"(D) The preliminary list, (Friday, Aug. 23/57, 22 F.R. 6842) showing, under the general heading, 'Rubber Articles,' the involved article. (22 F.R. 6847)

"(E) The final list, (Tuesday, Jan. 28/58, 23 F.R. 539) showing, under the general heading, 'Rubber Articles,' the involved article. (23 F.R. 546)

"4. It Is Further Stipulated and Agreed that insofar as concerns this case the Secretary of the Treasury complied with the provisions of Section 6(a) Customs Simplification Act of 1956, 70 Stat. 948 (Public Law 927, 84th Cong.) in the preparation and publication of the preliminary and final lists referred to therein.

"5. It Is Further Stipulated and Agreed that the said Customs Simplification Act of 1956, did not require that public hearings be held by the Secretary of the Treasury either in the preparation of the preliminary list or the final list referred to in Section 6(a) of said act, and, that, without defendants conceding the necessity, requirement or relevancy thereof no public hearings were announced or held by the Secretary of the Treasury or by any official acting in his behalf, in connection with the preparation of said preliminary or final lists.

"6. It Is Further Stipulated and Agreed that if the Court holds that the proper basis for determining the dutiable value of the involved merchandise is foreign value, as defined in Section 402a(C), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, then the appraised value should be affirmed.

"7. It Is Further Stipulated and Agreed that if the Court holds that the proper basis for determining the dutiable value of the involved merchandise is the export value as defined in Section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, [19 U.S. C.A. § 1401a(b)], such merchandise since February 28, 1958, to date was on or about the dates of exportation involved sold at all markets in England to all purchasers for export to the United States in any quantity at the unit price set forth in the respective invoices, net packed, which includes ocean freight, marine and war risk insurance.

"8. It Is Further Stipulated and Agreed, subject to the approval of the Court, that the appeals for reappraisement set forth in the attached Schedule A be consolidated with Reappraisement No. R59/7777–05488 and that facts stipulated herein apply to each of said appeals.

"9. It Is Further Stipulated and Agreed, subject to the approval of the Court, that the official papers in each of the appeals for reappraise-

ment covered by this stipulation be admitted in evidence as Plaintiff's Collective Exhibit 1.

"It Is Further Stipulated and Agreed that said appeals be submitted on this stipulation, said appeals being limited to 'Alloprene', and that, subject to the approval of the Court, the counsel for the plaintiff be granted 60 days in which to file a brief, and the Assistant Attorney General for the United States be granted 60 days after filing of plaintiff's brief in which to file a brief."

The facts having special bearing on the issue now under consideration, are those facts that are recited in paragraphs 3, 4, and 5 of this stipulation. It appears to be conceded that the Secretary of the Treasury complied with all requirements specified in the Customs Simplification Act of 1956 relative to the final list, that is, that he caused the Commissioner of Customs to publish, or he himself published, in the Federal Register certain notices: (1) A notice inviting comments, in writing, relative to articles which should or should not be included in a preliminary list (Nov. 9, 1956); (2) a notice extending the time for such comments (Jan. 5, 1957); (3) a notice of the procedure to be followed by domestic interests after publication of the preliminary list (Aug. 20, 1957); (4) the preliminary list, including therein, among a great many enumerated articles, an article conceded to be descriptive of the merchandise Alloprene (Aug. 23, 1957); and (5) the final list, including the same article with identical description as it appeared in the preliminary list (Jan. 28, 1958).

The provision of the Customs Simplification Act of 1956, relative to the preliminary and final lists, is as follows:

Sec. 6. "(a) The Secretary of the Treasury shall determine and make public a list of the articles which shall be valued in accordance with section 402a, Tariff Act of 1930, as amended by this Act [this section], as follows:

"As soon as practicable after the enactment of this Act [Aug. 2, 1956] the Secretary shall make public a preliminary list of the imported articles which he shall have determined, after such investigation as he deems necessary, would have been appraised in accordance with section 402 of the Tariff Act of 1930, as amended by this Act [section 141a of title], at average values for each article which are 95 (or less) per centum of the average values at which such article was actually appraised during the fiscal year 1954. If within sixty days after the publication of such preliminary list any manufacturer, producer, or wholesaler in the United States presents to the Secretary his reason for belief that any imported articles not specified in such list and like or similar to articles manufactured, produced, or sold at wholesale by him would have been appraised in accordance with such section 402 [section 141a of this title] at average values which are 95 (or less) per centum of the average values at which they were or would have been appraised under section 402a, Tariff Act of 1930, as amended by this Act [this section], the Secretary shall cause such investigation of the matter to be made as he deems necessary. If in the opinion of the Secretary the reason for belief is substantiated by the investigation, the articles involved shall be added to the preliminary list and such list, including any additions so made thereto, shall be published as a final list. Every article so specified in the final list which is entered, or withdrawn from warehouse, for consumption on or after the thirtieth day following the date of publication of the final list shall be appraised in accordance with the provisions of section 402a. Tariff Act of 1930, as amended by this Act [this section].

"(b) The final list published in accordance with the provisions of

subsection (a), together with explanatory data, shall be transmitted promptly to the chairmen of the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate."

The plaintiff's contention appears to be that the final list is a "rule," within the intent of the Administrative Procedure Act, and that the Treasury Department, under the terms of that act, is an "agency" which is required by Congress to comply with the provisions of the act in the exercise of rule making authority.

In United States v. Elof Hansson, Inc., 296 F.2d 779, 48 CCPA ——, C.A.D. 771 (writ of certiorari to the United States Supreme Court denied 82 S.Ct. 179), an issue was whether the Administrative Procedure Act applied to findings of dumping which had been made under the Antidumping Act of 1921, 19 U.S. C.A. § 160. The trial judge held that the Administrative Procedure Act did not apply. The appellate term held that it did apply. Elof Hansson, Inc. v. United States, 178 F.Supp. 922, 43 Cust. Ct. 627, A.R.D. 114.

The court of appeals did not rest its decision on that issue. Observing that the view which the court took of the issue before it made it unnecessary to decide whether the Administrative Procedure Act is or is not applicable to an antidumping investigation, the court found that appellee had actually had notice of the pendency of the antidumping investigation and participated actively in it, without raising any objection as to procedural irregularity, and, hence, had waived whatever right it might have had to rely on asserted procedural irregularity as grounds for nullifying the finding of dumping.

Here, it likewise is not necessary to decide whether the Administrative Procedure Act is applicable to the proceedings for promulgation of the final list, under the Customs Simplification Act of 1956, for the reason that the Secretary of the Treasury did, in fact, comply therewith, as defendant asserts. There is no procedural irregularity under the Administrative Procedure Act, even if it is applicable, such as to justify nullification of that list.

What the Administrative Procedure Act requires of an "agency," as to notice of a proposed "rule," and as to opportunity for interested persons to participate, is set forth in section 1003, as follows:

"§ 1003. Rule making.

"Except to the extent that there is involved (1) any military, naval, or foreign affairs function of the United States or (2) any matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts—

"(a) Notice; publication and contents.

"General notice of proposed rule making shall be published in the Federal Register (unless all persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law) and shall include (1) a statement of the time, place, and nature of public rule making proceedings; (2) reference to the authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved. Except where notice or hearing is required by statute, this subsection shall not apply to interpretative rules, general statements of policy, rules of agency organization, procedure, or practice, or in any situation in which the agency for good cause finds, (and incorporates the finding and a brief statement of the reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

"(b) Procedures.

"After notice required by this section, the agency shall afford interested persons an opportunity to par-

ticipate in the rule making through submission of written data, views, or arguments with or without opportunity to present the same orally in any manner; and, after consideration of all relevant matter presented, the agency shall incorporate in any rules adopted a concise general statement of their basis and purpose. Where rules are required by statute to be made on the record after opportunity for an agency hearing, the requirements of sections 1006 and 1007 of this title shall apply in place of the provisions of this subsection.

"(c) Time of publication or service of rules.

"The required publication or service of any substantive rule (other than one granting or recognizing exemption or relieving restriction or interpretative rules and statements of policy) shall be made not less than thirty days prior to the effective date thereof except as otherwise provided by the agency upon good cause found and published with the rule.

"(d) Petitions.

"Every agency shall accord any interested person the right to petition for the issuance, amendment, or repeal of a rule."

The notice which the Commissioner of Customs caused to be published in the Federal Register on November 9, 1956, was entitled "Customs Simplification Act of 1956; request for comment relative to publication of preliminary list." It recited, in exact quotation, the provisions of section 6(a) of the Customs Simplification Act, and the published notice then proceeded as follows:

"The Treasury Department is now in the process of preparing the preliminary list of imported articles which would have been appraised in accordance with section 402 of the Tariff Act of 1930, as amended by Public Law 927, at average values for each article which are 95 (or less) per centum of the average value at which such articles imported during the fiscal year 1954 were actually appraised. In preparation of this preliminary list consideration will be given to any relevant views as to why particular imported articles should appear on this preliminary list or as to why certain imported articles should not appear on the preliminary list even though closely related imported articles may properly appear on the list. It has been concluded that, under the provisions of Public Law 927, this affords the only opportunity for interested parties to bring their views to the attention of the Treasury prior to publication of the preliminary list. These views should be submitted to the Bureau of Customs, Washington 25, D. C., in writing. To assure consideration, communications relative to the above must be received in the Bureau not later than 60 days from the date of publication of this notice in the Federal Register."

As earlier recited, the original allowance of 60 days for filing communications relative to articles to be included or excluded from the preliminary list was extended. Interested parties had a total period of 120 days, including the extension, in which to take advantage of the Secretary's invitation to them to make known their views.

In its brief, plaintiff says that, if the court should hold the amendment to section 402 by the Customs Simplification Act of 1956 is not effective if the final list as prepared is invalid, then plaintiff will not press the issue that the provisions of the Administrative Procedure Act were not complied with in the promulgation of the final list. This is a curious position for plaintiff to take. Regardless of the legal consequences of plaintiff's appeal, it is the function of the court to decide the issues that have been raised.

Clearly, section 402, as amended by section 2(a) of the Customs Simplification Act of 1956, is not effective unless and until a final list, lawfully prepared, has become effective. Section 8 of the Customs Simplification Act so provides.

Therefore, if the final list is not a valid final list, section 402 has not become effective.

The final list is valid.

Plaintiff's argument appears to be that the Administrative Procedure Act requires that hearings shall be held before a rule may be made. That is not the law.

As plaintiff correctly argues, the final list is a rule. It is not an adjudication.

In The George A. Rheman Company et al. v. United States of America (and the Interstate Commerce Commission), D.C., 133 F.Supp. 668, the court held that the Interstate Commerce Commission, in defining limits of the commercial zone of the city of Charleston, exercised its rule-making power, which is legislative in character and not adjudicatory. The fact that no hearing was held is not an abuse of discretion in a proceeding legislative in character.

The Administrative Procedure Act does not require a hearing in the exercise of rulemaking authority conferred by Congress. What the act requires is that the agency (i. e., the Secretary of the Treasury) "shall afford interested persons an opportunity to participate in the rulemaking through submission of written data, views, or arguments *with or without opportunity to present the same orally* in any manner * * *." [Administrative Procedure Act, section 1003 (b).] [Emphasis supplied.] It is provided that where the statute requires that rules be made after opportunity for an agency hearing, section 1003(b) shall not apply.

As above noted, the Customs Simplification Act does not require a hearing for adoption of the final list. Nor does the Administrative Procedure Act require a hearing for rulemaking under legislative delegation of that function, which is the function which is here in issue. No hearing was necessary. Ample opportunity was afforded for the submission of written data, views, and arguments.

The appeals are denied. I conclude that foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended, is the proper basis for determination of the value of the entry merchandise and that such value is the appraised value.

Judgment will be entered accordingly.